UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALBERTO VACA,<br><br>    Plaintiff,<br><br>v.<br><br>BSI FINANCIAL SERVICES et al.,<br><br>    Defendants. | Case No. 2:24-cv-09427-SB-SSC<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT [DKT. NO. 19] |

      Defendant HomeXpress Mortgage Corp. moves to extend its time to respond to Plaintiff Jorge Alberto Vaca's complaint. Dkt. No. 19. Defendant states that Plaintiff served the complaint on its agent for service of process on December 27, 2024,[1] making its answer due on January 17, 2024. Defendant requests to extend its response deadline to February 7, 2025 because it needs additional time to investigate the allegations in the complaint and consult with "recently retained" counsel. *Id.* at 3 ¶ 4. Defense counsel contacted Plaintiff by phone on January 15 about its request and did not receive a response before filing this motion on January 16. *Id.* at 3 ¶ 5.

      The Court first addresses Defendant's failure to meet and confer with Plaintiff before filing this motion. Under Local Rule 7-3 and the Court's standing order, Dkt. No. 13, parties are required to meet and confer to thoroughly discuss the substance of any contemplated motion. It appears that defense counsel made minimal effort to meet and confer, calling Plaintiff one time, a day before filing

---

[1] Plaintiff filed a proof of service indicating that Defendant was served on November 1, 2024. Dkt. No. 15. Plaintiff's proof of service, however, appears deficient, stating that an individual served a "Desk Clerk at Corporate Homexpress" without further detail. In any event, because Defendant has appeared and is not contesting service, the Court treats December 27, 2024 as the date of service.

1

this motion.  Although Defendant represents that it "recently retained" counsel, it provides no further detail about when counsel was retained.  Based on the scant information provided, the Court cannot determine whether the timing of counsel's retention necessitated such a last-minute effort to meet and confer with Plaintiff.  While the Court declines to strike the motion for failure to meet and confer, counsel is cautioned that the Court expects it to meet and confer with Plaintiff in good faith in the future.

      Similarly, without further information about when counsel was retained, the Court cannot determine whether there is good cause to grant the requested extension based on counsel's need for additional time to formulate Defendant's response.  Nevertheless, the Court in its discretion grants the extension and vacates the February 14, 2025 hearing on the motion.  Defendant shall file its response to the complaint by February 7, 2025.  Defendant should not expect any further continuances.

Date: January 22, 2025

                                Stanley Blumenfeld, Jr.
                                United States District Judge